IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Rogers International, Inc.,<br><br>  Plaintiff,<br><br>vs.<br><br>Branch Banking and Trust Company,<br><br>  Defendant. | CASE NUMBER: 6:09-cv-1895<br><br>**CONSENT PROTECTIVE ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

WHEREAS, it appears that the preparation and trial of this action will require the discovery of documents and information claimed by the parties or non-parties to contain or be proprietary, trade secrets or other confidential information; and

WHEREAS, it appears that the ends of justice will be served by entry of an order setting forth procedures governing the discovery and use of such confidential information, and

NOW THEREFORE, upon consideration of the record and proceedings herein, and the stipulation of the parties;

IT IS HEREBY ORDERED that:

1. This Consent Protective Order for the Production and Exchange of Confidential Information ("Protective Order") shall govern the designation and handling of information designated CONFIDENTIAL and produced in discovery in this action (the "Litigation"). Documents obtained by, or made available to, any party by means other than through discovery or subpoena shall not be subject to this Protective Order.

2. All documents produced and all information obtained through discovery in the Litigation designated as "CONFIDENTIAL" (as provided below) shall be used by the parties receiving it only for the purposes of preparing for and conducting the Litigation and disclosure of such documents or information shall be limited as provided herein.

3. Any party or non-party may designate any documents, testimony, material,

information, or things produced or provided in this Litigation as "CONFIDENTIAL" under the terms of this Protective Order, which the designating party in good faith believes contains, constitutes or reveals confidential trade secrets or other proprietary business information requiring the protections provided in this Protective Order ("CONFIDENTIAL MATERIAL").

4.     At the time of production, CONFIDENTIAL MATERIAL shall be so designated by affixing the legend "CONFIDENTIAL" or a similar legend in a size and location that makes the designation readily apparent and does not obscure or deface the materials.

5.     All documents and materials previously marked "CONFIDENTIAL" in the matter captioned "Rogers International, Inc. v. DSV Air & Sea, Inc. f/k/a DFDS Transport, Inc.", 6:07-CV-3845-HFF, (D.S.C. Greenville Division) or falling within the parameters of any protective order issued in that action will be initially deemed "CONFIDENTIAL" and do not need to be re-designated as "CONFIDENTIAL" in this action.

6.     Defendant produced documents bearing Bates Numbers BB&T-0001 through BB&T-0421 prior to the entry of this Protective Order. Defendant may retroactively designate as CONFIDENTIAL any of the aforementioned documents it believes constitute CONFIDENTIAL MATERIAL as defined in paragraph 3 above.

7.     If any CONFIDENTIAL MATERIAL is inadvertently produced or disclosed without such CONFIDENTIAL designation, the designating party may as soon as practicable so advise all receiving parties, including non-parties, of the inadvertent disclosure and request that the CONFIDENTIAL MATERIAL be treated as CONFIDENTIAL after such notification, by producing again copies of the documents, testimony, information, or things with the legend required by paragraph 3 hereof. In such event, the receiving party shall take all necessary steps to retrieve the subject documents, testimony, information, or things from any person not a Qualified Person as hereinafter defined and to advise them to maintain the material as CONFIDENTIAL. The receiving party shall immediately return to the producing party any CONFIDENTIAL MATERIAL that was inadvertently produced without the CONFIDENTIAL legend.

8.     Any party wishing to designate as CONFIDENTIAL any deposition or other

testimony, or portions of deposition or testimony, or documents submitted as exhibits to depositions may do so on the record during the deposition or by sending written notice to the parties and nay other affected person as required by paragraph 5 designating the transcript or portions thereof as "CONFIDENTIAL" within 10 days after receipt of the deposition transcript and exhibits. The party making the CONFIDENTIAL designation at the deposition shall be responsible for informing the court reporter in order to have those portions of the deposition transcript and exhibits designated CONFIDENTIAL appropriately marked and separately bound by the court reporter.

     9.     CONFIDENTIAL MATERIAL or any information derived therefrom may only be disclosed or made available to ""Qualified Persons" who are defined to consist exclusively of:

     a. The Court and its personnel;

     b. Partners of and associate attorneys employed by the law firms of record representing the parties in this Litigation, and the respective clerical, paralegal, and secretarial staff employed or contracted by such law firms whose function require access to said CONFIDENTIAL MATERIAL for the purpose of this Litigation.

     c. Court reporters employed in connection with this Litigation.

     d. Any mediator, arbitrator or other person employed as part of any alternative dispute resolution.

     e. Parties and officers, directors, partners, or employees of the parties whom counsel for said party reasonably determines needs to be shown such CONFIDENTIAL MATERIAL to assist counsel's prosecution or defense of this Litigation; and

     f. Expert consultants and expert witnesses who are retained for the purpose of preparing for, or testifying at the trial of this Litigation, provided that, before disclosure of the CONFIDENTIAL MATERIAL to such person(s) each shall be supplied with a copy of this Protective Order and shall execute an acknowledgement of having read and agreed to be bound in the form annexed

3

hereto as Exhibit A.

10. If CONFIDENTIAL MATERIAL or any information derived or obtained therefrom is to be included in any papers to be filed in Court, such papers shall be labeled as "Confidential Subject to Court Order" or such other similar labeling as the Court may require and filed under seal and kept under seal until further order of this Court.

11. Upon entry of a final non-appealable order in this Litigation (the "Final Order") all CONFIDENTIAL MATERIAL subject to this Order, including all copies thereof and all documents reflecting same shall, upon request by the producing party, either be promptly returned by the receiving party to the producing party or destroyed within thirty (30) days of the filing of the Final Order. The party destroying such CONFIDENTIAL MATERIAL shall certify in writing to the producing party that such documents have been destroyed. Provided, however, that counsel for the respective parties may keep a copy of any pleadings, and attachments thereto, filed under seal pursuant to this Protective Order.

12. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is privileged or protected from discovery as attorney work-product and no party shall be held to have waived nay rights by such inadvertent production.

13. Nothing herein shall waive any privilege any party may have with respect to discovery.

14. Nothing herein shall preclude a party from exhibiting, during deposition or trial proceedings, any material designated as "CONFIDENTIAL" to any witness, provided that, before disclosure of the CONFIDENTIAL MATERIAL to such person(s) each shall be supplied with a copy of the Protective Order and shall execute an acknowledgment of having read and agreed to be bound in the form annexed hereto as Exhibit A.

15. In the event that the receiving party disagrees with the producing party's designation of any material as CONFIDENTIAL the receiving party shall notify the producing party in writing within twenty (20) days of receipt of the CONFIDENTIAL MATERIAL (the "Notice") of its

disagreement. The Notice shall identify by Bates number or other appropriate identifying designation which material is in dispute, the basis for said objection, and the identity of the person to whom disclosure is sought to be made, if any. The parties shall then attempt to resolve their dispute by conferring. If the dispute is not resolved through the confer process, the party objecting to the CONFIDENTIAL designation may at any time thereafter move the Court for appropriate relief with respect to the disputed designations. Any disputed document or other material shall be treated with the designated confidentiality until the Court rules upon any such motion. If Defendant designates as CONFIDENTIAL any of the documents referenced in paragraph 6 above, Plaintiff shall have twenty (20) days from the receipt of the documents marked CONFIDENTIAL to provide Notice as provided hereinabove.

16. Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to discovery as provided under the Federal Rules of Civil Procedure or any basis other than confidentiality.

17. Each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the court on notice to the other parties hereto for good cause.

18. Noting in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own CONFIDENTIAL MATERIAL.

19. This Protective Order shall be effective immediately and shall survive the conclusion of this action.

IT IS SO ORDERED

This the 28th day of December, 2009.

                                             s/ Henry F. Floyd
                                             The Honorable Henry F. Floyd
                                             United States District Court

**SO STIPULATED AND AGREED THIS 23RD DAY OF DECEMBER, 2009.**

s/ Alex MacClenahan
Alex MacClenahan
THE MACCLENAHAN LAW FIRM, LLC
819 E. North Street
Greenville, SC 29604
Phone: (864) 382-3340/FAX: 864-331-3058
alex@macclenahanlaw.com
**Attorney for Plaintiff**

s/Molly Hughes Cherry
Molly Hughes Cherry
Nexsen Pruett
205 King Street, Suite 400
Charleston, SC 29401
843-720-1724/FAX: 843-414-2809
mcherry@nexsenpruett.com
**Attorney for Defendant**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Rogers International, Inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Branch Banking and Trust Company, )<br>)<br>Defendant. )<br>) | CASE NUMBER: 6:09-cv-1895<br><br>**AGREEMENT TO BE BOUND<br>BY PROTECTIVE ORDER** |
|---|---|

    I have been designated by _____[PARTY NAME]_____ as a person who may have access to Confidential Material as that term is defined in the Protective Order entered in the above-captioned case.

    Having read the Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all Confidential Material as defined therein. I agree not to copy or disclose to any nonqualified person or entity any Confidential Material that has been disclosed to me. I further agree to return or destroy any Confidential Material in my possession upon the entry of a Final Order as set forth in the Protective Order.

    If I violate any terms of that Protective Order with respect to the treatment of Confidential Material, I agree to submit myself to the jurisdiction of the United Stated District Court for the District of South Carolina, Greenville Division for the purpose of enforcement of the terms of the Protective Order.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed this _____ day of _____, _____.

                                                _____

Name

_____
Address

_____
Employer

_____
Job Title