IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rogers International, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:09-cv-01895-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Branch Banking and Trust Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Rogers International, Inc. ("Rogers") filed this case against Defendant Branch Banking and Trust Company ("BB&T") alleging various equitable and legal causes of action arising from BB&T's efforts to collect, inspect, and present documents pursuant to a letter of credit for the benefit of Rogers.

This matter is now before the court upon BB&T's Motion and Memorandum in Support of its Motion to Strike Plaintiff's Request for a Jury Trial based upon a waiver contained in an agreement between the parties governing the lender/borrower relationship between them (the "Borrower Agreement"). Rogers made its timely response opposing BB&T's motion to which BB&T replied.

### DISCUSSION

BB&T contends that Rogers has waived its right to a jury trial by entering into the Borrower Agreement with BB&T which contains a waiver. Rogers disputes this contention, instead asserting that the letter of credit at issue in this case and BB&T's acts and omissions with respect thereto are

1

unrelated to the Borrower Agreement and, therefore, cannot constitute a valid waiver of Rogers' right to a jury trial as to the legal claims in its complaint.[1] The fundamental right to a jury trial under the Seventh Amendment "can be knowingly and intelligently waived by contract." *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832 (4th Cir.1986). In light of the strong federal policy favoring jury trials, however, courts have typically "indulge[d] every reasonable presumption against waiver." *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). Therefore, the Fourth Circuit has held that a party seeking to enforce a contractual provision waiving the right to a jury trial must establish that the waiver was knowing and voluntary. *Leasing Serv. Corp.*, 804 F.2d at 833.

Rogers does not dispute its knowing and voluntary agreement to the Borrower Agreement which provides, in part:

> Waiver of Jury Trial. BORROWER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY AND ALL RIGHTS IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY ACTION, SUIT, PROCEEDING OR OTHER LITIGATION BROUGHT TO RESOLVE ANY DISPUTE ARISING UNDER, ARISING OUT OF OR IN CONNECTION WITH THIS AGREEMENT, THE LOAN AUTHORIZATION AGREEMENT, ANY LOAN DOCUMENT, OR ANY OTHER AGREEMENT, DOCUMENT OR INSTRUMENT EXECUTED OR DELIVERED IN CONNECTION HEREWITH OR THEREWITH OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN), OR ACTIONS OR OMISSIONS OF LENDER, EX-IM BANK, OR ANY OTHER PERSON RELATING TO THIS AGREEMENT, THE LOAN AUTHORIZATION AGREEMENT OR ANY OTHER LOAN DOCUMENT.

The letter of credit at issue was delivered to BB&T as security for the loan to which the Borrower Agreement relates. Although the language of the Borrower Agreement is quite broad, the waiver contained therein clearly applies to "any loan document, or any other agreement, document

---

[1] Rogers concedes that it has no right to a jury trial on its equitable claims.

or instrument executed or delivered in connection herewith or therewith . . . ." The letter of credit was delivered to BB&T in connection with the loan. Accordingly, the waiver contained in the Borrower Agreement extends to the parties' dealings concerning the letter of credit.

## Conclusion

For the reasons set forth above, Defendant Branch Banking and Trust Company's motion to strike is **GRANTED**; and Plaintiff Rogers' claims will be tried non-jury.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

September 3, 2010
Greenville, South Carolina